# Exhibit B

Aaron R. Easley (#026151994)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (877) 344-0661
Email: aeasley@sessions.legal
*Attorney for Defendant,*
*Fair Collections & Outsourcing, Inc.*

| | |
|---|---|
| MADELINE CHAPARRO RIOS, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| v. | DOCKET NO. BER-L-004569-25 |
| OXYGEN XL, FAIR COLLECTIONS & OUTSOURCING, INC.,  EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX INFORMATION SERVICES LLC, | CIVIL ACTION **NOTICE OF FILING NOTICE OF REMOVAL** |
| Defendants. | |

PLEASE TAKE NOTICE that this action has been removed to the United States

District Court for the District of New Jersey.  Attached hereto as **Exhibit 1** is a copy of the

Notice of Removal filed in the United States District Court, District of New Jersey effecting

such removal.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

the Notice of Removal in the United States District Court, together with the filing of a copy

of such Notice with this Court, effects the removal of this action and this Court may proceed

no further unless and until the case is remanded.

1

Dated: July 29, 2025

Respectfully Submitted,

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (#026151994)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822
Telephone: (908) 237-1660
Facsimile: (877) 344-0661
Email: aeasley@sessions.legal

*Attorney for Defendant,*
*Fair Collections & Outsourcing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, a true and correct copy of the foregoing was filed electronically in the Court's electronic filing system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Aaron R. Easley*
Aaron R. Easley

2

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MADELINE CHAPARRO RIOS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Case No. 2:25-cv-13884** |
| | § | |
| **OXYGEN XL, FAIR COLLECTIONS** | § | |
| **& OUTSOURCING, INC., EXPERIAN** | § | |
| **INFORMATION SOLUTIONS, INC.,** | § | |
| **TRANS UNION LLC, and EQUIFAX** | § | |
| **INFORMATION SERVICES LLC,** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, defendant, Fair Collections & Outsourcing, Inc. ("FCO"), by its attorney, hereby removes this action from the Superior Court of New Jersey, Law Division: Bergen County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:

1.      Plaintiff, Madeline Chaparro Rios ("plaintiff"), originally commenced this action by filing a Summons and Complaint against FCO in the Superior Court of New Jersey, Law Division: Bergen County, where it is presently captioned as *Madeline Chaparro Rios v. Oxygen XL, Fair Collections & Outsourcing, Inc., Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services LLC,* Docket No. BER-L-004569-25. No further proceedings before the State court have occurred.

2.      In the Complaint, plaintiff alleges a statutory cause of action against FCO. A true and correct copy of the Complaint is attached hereto as as **Exhibit A.**

1

3. Plaintiff accuses FCO of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. ("FCRA") § 1681 *et seq.*

4. FCO received Plaintiff's Summons and Complaint on or about July 25, 2025.

5. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §§ 1331 and 1441 in that the claim is founded upon a claim or right arising under the laws of the United States.

6. This Notice of Removal is timely, having been filed within thirty (30) days of the date on which FCO received Plaintiff's Summons and Complaint. *See* 28 U.S.C. § 1446.

7. On information and belief, as of the date of this filing, only FCO has been served with the Summons and Complaint in the State Court Action.

8. Written notice of this Notice of Removal of this action is being immediately provided to the Superior Court of New Jersey, Law Division: Bergen County. *See* **Exhibit B**.

9. Written notice of this Notice of Removal of this action is being caused to be served on the Plaintiff.

WHEREFORE, Defendant, Fair Collections & Outsourcing, Inc., gives notice that this action is removed from the Superior Court of New Jersey, Law Division: Bergen County, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

/s/ *Aaron R. Easley*
Aaron R. Easley, Esq. (#026151994)
SESSIONS, ISRAEL & SHARTLE, LLC

2

3 Cross Creek Drive
Flemington, New Jersey 08822
Telephone: (908) 237-1660
Facsimile: (877) 344-0661
Email: aeasley@sessions.legal

*Attorney for Defendant,*
*Fair Collections & Outsourcing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of New Jersey, and served to the following:

| *Via Email* | *Via Email and CM/ECF* |
|---|---|
| Hashim Rahman, Esq. | Sofia Balile, Esq. |
| Rahman Legal | The Law Office of Sofia Balile |
| 43 W. 43rd Street, Suite 204 | 155 Water Street |
| New York, NY 10036 | 4th Floor, Suite 4-1 |
| Telephone: (212) 301-7641 | Brooklyn, NY 11201 |
| Email: hrahman@rahmanlegal.com | Telephone: (646) 580-6116 |
| | Email: sofia@balilelaw.com |

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq. (#28909)

3

# Exhibit A

# Civil Part Case Summary

**Case Number:** BER L-004569-25

**Case Caption:** Rios Madeline  Vs Oxygen Xl

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Bergen | **Case Initiation Date:** 07/09/2025 |
| **Case Type:** Tort-Other | **Case Status:** Active | **Jury Demand:** 12 Jurors |
| **Case Track:** 2 | **Judge:** Kevin P Kelly | **Team:** 2 |
| **Original DED:** | **Current DED:** | **# of DED Extensions:** 0 |
| **Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

## Plaintiffs

### Madeline C Rios

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** Sofia Balile | | **Attorney Bar ID:** 010932003 |
| **Attorney Email:** SOFIA.BALILE@GMAIL.COM | | |

## Defendants

### Oxygen Xl

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 1620 Route 22, Suite 205-D | | |
| **Address Line 2:** | | |
| **City:** Union | **State:** NJ | **Zip:** 07083 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

### Fair Collections & Outsourcing AKA  Fair Collections & Outsourcing, Inc.

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 12304 Baltimore Avenue, Ste. E | | |
| **Address Line 2:** | | |
| **City:** Beltsville | **State:** MD | **Zip:** 20705 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

### Experian Informationsolutions AKA  Experian Information Solutions, Inc.

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 475 Anton Blvd. | | |
| **Address Line 2:** | | |
| **City:** Costa Mesa | **State:** CA | **Zip:** 92626 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

### Trans Union Llc

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** 555 W. Adams Street | | |
| **Address Line 2:** | | |
| **City:** Chicago | **State:** IL | **Zip:** 60661 |

**Attorney Name:**                                                                                    **Attorney Bar ID:**

**Attorney Email:**

**Equifax Informationservices AKA  Equifax Information Services Llc**

**Party Description:** Business          **Phone:**

**Address Line 1:** 1550 Peachtree Street, N.W.

**Address Line 2:**

**City:** Atlanta                **State:** GA                          **Zip:** 30309

**Attorney Name:**                                                                                    **Attorney Bar ID:**

**Attorney Email:**

## ACMS Documents

| Filed Date | Doc Number | Document Type | Filing Party | Doc Status | CO ID | Type | Date Served | Service Status | Party Served |
|---|---|---|---|---|---|---|---|---|---|
| 07/09/2025 | 001 | COMP JRY DEMAND | RIOS | | | | | | |
| 07/25/2025 | 002 | MOT COR DTA | RIOS | PG | | | | | |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 07/09/2025 | Complaint with Jury Demand for BER-L-004569-25 submitted by BALILE, SOFIA , SOFIA BALILE on behalf of MADELINE C RIOS against OXYGEN XL, FAIR COLLECTIONS & OUTSOURCING, EXPERIAN INFORMATION SOLUTIONS, TRANS UNION LLC, EQUIFAX INFORMATION SERVICES | LCV20251974051 | 07/09/2025 |
| 07/10/2025 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20251976730 | 07/10/2025 |
| 07/25/2025 | MOTION TO CORRECT DATA submitted by BALILE, SOFIA of SOFIA BALILE on behalf of MADELINE C RIOS against OXYGEN XL, FAIR COLLECTIONS & OUTSOURCING, INC., EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES LLC | LCV20252105619 | 07/25/2025 |

Sofia Balile, Esq. (Attorney ID 010932003)
The Law Office of Sofia Balile
155 Water Street, 4th Floor, Suite 4-1
Brooklyn, NY 11201
Tel. 646-580-6116
sofia@balilelaw.com

*Attorneys for the Plaintiff*

-------------------------------------------------------------------X

Madeline Chaparro Rios,

                              Plaintiff,

                      v.

Oxygen XL, Fair Collections & Outsourcing, Inc.,
Experian Information Solutions, Inc.,
Trans Union LLC, and Equifax Information
Services LLC,

                            Defendants.

-------------------------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO. BER-L-004569-25

CIVIL ACTION

**ACKNOWLEDGMENT OF**
**SERVICE OF SUMMONS**
**AND COMPLAINT**

       The undersigned hereby acknowledges service of a copy of the summons and complaint on this _____ day of _____, 2025.

       The summons and complaint in the above-captioned matter was received at the following address: _____

_____

_____

I affirm the above as true under penalty of perjury:

_____
Signature

_____
Print Name

_____
Date this Acknowledgment is executed

_____
Position with Defendant for which acting (i.e. officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES. **(RETURN BY EMAIL IS PREFERRED.)**

PLEASE COMPLETE ALL BLANKS INCLUDING DATES. (RETURN BY EMAIL IS PREFERRED.)

Sofia Balile, Esq. (Attorney ID 010932003)
The Law Office of Sofia Balile
155 Water Street
4th Floor, Suite 4-1
Brooklyn, NY 11201
Tel. 646-580-6116
sofia@balilelaw.com
*Attorneys for the Plaintiff*

-------------------------------------------------------------------X

Madeline Chaparro Rios,

|  |  |
|---|---|
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION: BERGEN COUNTY |
|  | DOCKET NO. _____ |
| v. |  |
|  |  |
| Oxygen XL, Fair Collections & Outsourcing, Inc., | CIVIL ACTION |
| Experian Information Solutions, Inc., |  |
| Trans Union LLC, and Equifax Information | **SUMMONS** |
| Services LLC, |  |
|  |  |
| Defendants. |  |

-------------------------------------------------------------------X

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If

1

BER-L-004569-25   07/09/2025 3:54:34 PM   Pg 2 of 2   Trans ID: LCV20251974051

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Dated: 07/03/25

/s/ Michelle Smith[1]
Michelle Smith
Clerk of Superior Court

Defendants/Addresses to be Served:

**Oxygen XL**, 1620 Route 22, Suite 205-D, Union, NJ, 07083,

**Fair Collections & Outsourcing, Inc.**, 12304 Baltimore Avenue, Ste. E, Beltsville, MD, 20705

**Experian Information Solutions, Inc.**, 475 Anton Blvd., Costa Mesa, CA, 92626

**Trans Union LLC**, 555 W. Adams Street, Chicago, IL, 60661

**Equifax Information Services LLC**, 1550 Peachtree Street, N.W., Atlanta, Georgia 30309

---

[1]This summons has been issued by the attorney of record, Sofia Balile, Esq., and signed in the name of the Superior Court Clerk pursuant to N.J. Court Rule 4:4-2.

2

Hashim Rahman, Esq. (*pro hac vice forthcoming*)
Rahman Legal
43 W. 43rd Street, Suite 204
New York, NY 10036
Tel. 212-301-7641
hrahman@rahmanlegal.com

Sofia Balile, Esq. (Attorney ID 010932003)
The Law Office of Sofia Balile
155 Water Street
4th Floor, Suite 4-1
Brooklyn, NY 11201
Tel. 646-580-6116
sofia@balilelaw.com

*Attorneys for the Plaintiff*

-------------------------------------------------------------------X

| | |
|---|---|
| Madeline Chaparro Rios,<br><br>                    Plaintiff,<br><br>v.<br><br>Oxygen XL, Fair Collections & Outsourcing, Inc.,<br>Experian Information Solutions, Inc.,<br>Trans Union LLC, and Equifax Information<br>Services LLC,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. _____<br><br>Civil Action<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

-------------------------------------------------------------------X

Plaintiff Madeline Chaparro Rios, by and through the undersigned counsel, states as follows:

1.    The Plaintiff seeks redress for violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.* against Oxygen XL, Fair Collections & Outsourcing, Inc. ("Fair Collections"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC

1

("Trans Union"), and Equifax Information Services LLC ("Equifax"). The Plaintiff also seeks redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Oxygen XL and Fair Collections. This action arises out of the Defendants' credit reporting practices and collection practices.

## PRELIMINARY STATEMENT

2.    For the past several years, Plaintiff Madeline Chaparro Rios has been the victim of an identity theft scheme that occurred in New Jersey and New York. An individual or group of individuals incurred debts by renting apartments in her name while leaving unpaid balances. In 2023 or earlier, Defendants Oxygen XL and Fair Collections began making efforts to collect debts from the Plaintiff related to the aforementioned unpaid rental balances. Despite the fact that the Plaintiff never rented any apartments in New Jersey or New York, Oxygen XL and Fair Collections persisted in their collection efforts by reporting the debts to credit reporting agencies. The said collection agencies and the credit reporting agencies - Experian, Trans Union, Equifax -- violated the FCRA by, *inter alia*, failing to conduct a reasonable investigation of the Plaintiff's disputes regarding the accounts associated with the rental debts. Furthermore, Oxygen XL and Fair Collections failed to comply with the FDCPA during their efforts to collect an invalid debt from the Plaintiff.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the present action pursuant to N.J. Const., Art. VI 3, 2, and N.J. Court Rules ("R") 4:3-1(a).

4.    Pursuant to R. 4:3-2 venue is proper in Bergen County. A substantial portion of the acts and omissions giving rise to the overall claims occurred in Bergen County; a substantial

portion of the identity theft at issue occurred in Bergen County; and all Defendants are actually doing business in Bergen County upon information and belief.

<u>**THE PARTIES**</u>

5. The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

6. The Plaintiff is an adult individual who resides in the State of Texas. The Plaintiff is a "consumer" pursuant to the FDCPA and the FCRA. *See* 15 U.S.C. §§ 1681a, 1692a(3). As noted, a substantial portion of the identity theft and occurrences giving rise to this action occurred in New Jersey.

7. Defendant Oxygen XL is a collection agency with a principal office located at 1620 Route 22, Suite 205-D, Union, NJ, 07083. Oxygen XL is a furnisher of credit reporting information. *See* 15 U.S.C. § 1681s-2. Oxygen XL is also a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6). Upon information and belief, Oxygen XL is doing business in all counties in New Jersey.

8. Defendant Fair Collections is a foreign corporation that is based in Maryland. Its principal executive office is located at 12304 Baltimore Avenue, Ste. E, Beltsville, MD, 20705. Fair Collections is a furnisher of credit reporting information. *See* 15 U.S.C. § 1681s-2. Fair Collections is also a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6). Upon information and belief, Fair Collections is doing business in all counties in New Jersey.

9. Defendant Experian is a foreign business corporation located at 475 Anton Boulevard, Costa Mesa, CA, 92626. Experian is a consumer reporting agency and a distributor of consumer reports. *See* 15 U.S.C. §§ 1681a(f) and 1681a(d)(1). Upon information and belief, Experian is doing business in all counties in New Jersey.

3

10.     Defendant Trans Union is a foreign limited liability company located at 555 W. Adams Street, Chicago, IL, 60661. It is a consumer reporting agency and a distributor of consumer reports. *Id.* Upon information and belief, Trans Union is doing business in all counties in New Jersey.

11.     Defendant Equifax is a foreign limited liability company located at 1550 Peachtree Street, N.W., Atlanta, GA, 30309. Equifax is a consumer reporting agency and a distributor of consumer reports. *Id.* Upon information and belief, Equifax is doing business in all counties in New Jersey.

12.     For the last five or more years, Experian, Trans Union, and Equifax have been generating and distributing consumer credit reports with respect to the Plaintiff.

## FACTUAL ALLEGATIONS

13.     The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

14.     The Plaintiff has been the victim of an identity theft scheme that occurred in New Jersey and New York. An individual or group of individuals incurred debts by renting apartments in her name while leaving unpaid balances. This scheme has been ongoing for several years, and it has significantly impacted the Plaintiff's life. Plaintiff has never resided in or rented any apartments in New Jersey or New York.

### i. Actions and Omissions by Oxygen XL

15.     The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

16.     From about 2023, Defendant Oxygen XL began engaging in collection efforts against the Plaintiff by attempting to collect a debt in the amount of $28,933. This debt pertained

4

to an unpaid rental balance, and it was the result of an identity theft scheme that occurred in New Jersey and New York.

17.    Oxygen XL engaged in collection by contacting the Plaintiff – directly or indirectly – and engaging in tactics intended to pressure her to pay the $28,933 amount.  Upon information and belief, Oxygen XL knew or had ample reason to know that the Plaintiff did not owe the said amount yet it persisted in its collection efforts.

18.    Furthermore, Oxygen XL engaged in collection activity against the Plaintiff even though it does not hold a debt collector license or any other requisite license upon information and belief.

19.    Upon information and belief, the Plaintiff informed Oxygen XL that she did not owe the amount because she never rented any apartments in the area.  Nonetheless, Oxygen XL did not address the Plaintiff's disputes in a timely or meaningful way, and it continued its collection efforts until 2024.

20.    As part of its pressure tactics, Oxygen XL informed credit reporting agencies that the Plaintiff owed a debt of $28,933.  This was false and incorrect as the Plaintiff never rented the property that resulted in the said debt.  Upon information and belief, Oxygen XL reported the debt to credit reporting agencies before notifying the Plaintiff in writing that it was collecting on the account.  Furthermore, this credit reporting was published to third parties.

21.    The Plaintiff contacted credit reporting agencies to dispute the incorrect reporting; and her disputes were conveyed to Oxygen XL.  Nonetheless, Oxygen XL informed credit reporting agencies that it investigated and verified that the credit reporting was accurate.

22.    The Plaintiff disputed the account through the credit reporting agencies several times.  Each time, Oxygen XL was notified of the dispute.  Upon information and belief, Oxygen

XL did not conduct a timely investigation; it did not conduct a reasonable investigation; it continued to report negative information while it had actual knowledge of the errors; it did not properly report investigation results to consumer reporting agencies; and it did not modify or adjust reporting information pursuant to a proper investigation. *See* 15 U.S.C. § 1681s-2.

23.     In 2024, the Oxygen XL account was removed from credit reports for two agencies.  This result, however, occurred after many calls, written disputes, and hours of the Plaintiff's time.  Furthermore, the Oxygen XL account was removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged.  Oxygen XL caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### ii. Actions and Omission by Fair Collections

24.     The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

25.     From about 2022, Defendant Fair Collections began engaging in collection efforts against the Plaintiff by attempting to collect a debt in the amount of $7,651 associated with a property in Fort Lee.  This debt pertained to an unpaid rental balance, and it was the result of an identity theft scheme that occurred in New Jersey and New York.

26.     Fair Collections engaged in collection by contacting the Plaintiff – directly or indirectly – and engaging in tactics intended to pressure her to pay the said amount.  Upon information and belief, Fair Collections knew or had ample reason to know that the Plaintiff did not owe the said amount yet it persisted in its collection efforts.

27.     Upon information and belief, the Plaintiff informed Fair Collections that she did not owe the amount because she never rented any apartments in the area.  Nonetheless, Fair

6

Collections did not address the Plaintiff's disputes in a timely or meaningful way, and it continued its collection efforts until 2024.

28. Furthermore, Defendant Fair Collections repeatedly informed credit reporting agencies that the Plaintiff owed the above-stated debt. This was false and incorrect as the Plaintiff never rented the property in Fort Lee. Upon information and belief, Fair Collections reported the debt to credit reporting agencies before notifying the Plaintiff in writing that it was collecting on the account. Furthermore, this credit reporting was published to third parties.

29. Fair Collections reported the debt to credit reporting agencies and described it as an account that was opened in February of 2019, with an "original amount" of $7,651, and which was "past due as of Jun 2024." The reporting also categorized the debt as an individual responsibility with a "C" code for "Collection" from March of 2019 to July of 2024.

30. Upon information and belief, the Plaintiff disputed the account through the credit reporting agencies at least three times. Fair Collections was notified of the Plaintiff's disputes. Nonetheless, Fair Collections did not conduct a reasonable investigation of the account with respect to each dispute. In fact, Fair Collections addressed credit reporting disputes merely by expanding the stated collection period, by shifting the past-due date, and by confirming the fraudulent account as accurately reported.

31. In approximately August of 2024, the Fair Collections account was removed from the Plaintiff's credit reports. However, this occurred after the Plaintiff spent time and effort making one dispute after another pertaining to an account that should have never been reported and collected on in the first instance. Furthermore, the Fair Collections account was removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years. Fair Collections caused

7

the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### iii. Actions and Omission by Experian

32.     The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

33.     Upon information and belief, the Plaintiff contacted Experian multiple times in 2023 and 2024 to dispute the negative reporting by Oxygen XL and Fair Collections. In her disputes, the Plaintiff explained, in sum and substance, that she was the victim of identity theft and she did not owe the amounts associated with the Oxygen XL and Fair Collections accounts.

34.     For each dispute except the last, Experian responded by stating that the Oxygen XL and Fair Collections accounts were verified as accurate. Experian merely relayed what it was told by the above-stated collections agencies or it simply assumed the reporting was correct. Upon information and belief, Experian never conducted its own investigation of the accounts. It merely parroted information provided by Oxygen XL and Fair Collections or it assumed the reporting was correct.

35.     Experian also failed to properly block the reporting of the Oxygen XL and Fair Collections accounts even though the said accounts were identified to be the result of identity theft.

36.     In approximately August of 2024, the Fair Collections account was removed from the Plaintiff's Experian credit report. In approximately November of 2024, the Oxygen XL account was removed from the Plaintiff's credit reports. However, this occurred after the Plaintiff spent time and effort making one dispute after another pertaining to accounts that should have never been reported in the first instance. Furthermore, the accounts were removed after the

8

Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years. Experian caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### iv. Actions and Omission by Trans Union

37. The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

38. Upon information and belief, the Plaintiff contacted Trans Union multiple times in 2023 and 2024 to dispute the negative credit reporting by Oxygen XL and Fair Collections. In her disputes, the Plaintiff explained, in sum and substance, that she was the victim of identity theft and she did not owe the amounts associated with the Oxygen XL and Fair Collections accounts.

39. For each dispute except the last, Trans Union responded by stating that the Oxygen XL and Fair Collections accounts were verified as accurate. Trans Union merely relayed what it was told by the above-stated collections agencies or simply assumed the reporting was correct. Upon information and belief, Trans Union never conducted its own investigation of the accounts. It merely parroted information provided by Oxygen XL and Fair Collections or it assumed the reporting was correct.

40. Trans Union also failed to properly block the reporting of the Oxygen XL and Fair Collections accounts even though the said accounts were identified to be the result of identity theft.

41. In approximately 2024, the above-stated accounts were removed from the Plaintiff's Trans Union credit report. However, this occurred after the Plaintiff spent time and effort making one dispute after another pertaining to accounts that should have never been reported and collected on in the first instance. Furthermore, the accounts were removed after the

Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years. Trans Union caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

42.    Nonetheless, even after the accounts were removed, Trans Union continued to report false information regarding the Plaintiff. For instance, a credit report provided by Trans Union to the Plaintiff in October 2024 contained an incorrect phone number, incorrect addresses, and incorrect employment information. Upon information and belief, the incorrect information was related to the above-described identity theft scheme.

43.    The Plaintiff submitted a written dispute to Trans Union identifying all the aforementioned inaccuracies. In response, Trans Union failed to conduct a reasonable investigation of the disputed information and it failed to timely remove all inaccuracies. Trans Union removed inaccuracies only after the Plaintiff was forced to file subsequent disputes. The Plaintiff should not have had to do this as her initial dispute was clear, specific, and thorough.

### v. Actions and Omission by Equifax

44.    The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

45.    The Plaintiff contacted Equifax and disputed information on her credit report pertaining to the Oxygen XL and Fair Collections accounts. In response, Equifax did not provide the Plaintiff with any dispute results; it did not conduct a reasonable investigation; it did not properly block credit reporting pertaining to identity theft; and it did not provide notice that any type of investigation was completed.

46.     In the fall of 2024, the Plaintiff requested her Equifax credit report through Annual Credit Report. In January of 2025, the Plaintiff requested her credit report directly from Equifax January of 2025. In both instances, Equifax failed to provide the Plaintiff with her credit report.

47.     As a result, the Plaintiff does not know whether the Oxygen XL and Fair Collections accounts remain on her credit report.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

48.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     Defendant Oxygen XL violated the Fair Credit Reporting Act

A. when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A),

B. when it failed to properly review all relevant information about the dispute pursuant to 15 U.S.C. § 1681s-2(b)(1)(B),

C. when it, upon information and belief, failed to timely review the dispute and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2),

D. when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D),

E. when the Defendant failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), and

F. when it failed to complete investigations, reports, and reviews within the time period prescribed by 15 U.S.C. § 1681s-2(b)(2).

50. Defendant Oxygen XL's conduct, actions, and omissions were willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Oxygen XL's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

52. Defendant Fair Collections violated the Fair Credit Reporting Act

    A. when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A),

    B. when it failed to properly review all relevant information about the dispute pursuant to 15 U.S.C. § 1681s-2(b)(1)(B),

    C. when it, upon information and belief, failed to timely review the dispute and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2),

    D. when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D),

    E. when the Defendant failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), and

    F. when it failed to complete investigations, reports, and reviews within the time period prescribed by 15 U.S.C. § 1681s-2(b)(2).

53. Defendant Fair Collections's conduct, actions, and omissions were willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

54.     In the alternative, Fair Collections's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

55.     Defendant Experian violated the federal Fair Credit Reporting Act

    A.  when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

    B.  when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

    C.  when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

    D.  when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

    E.  when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i), and

    F.  when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. §1681i(a)(2)(A).

56.     Experian's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

57.    In the alternative, Experian's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

58.    Defendant Trans Union violated the federal Fair Credit Reporting Act

    A. when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

    B. when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

    C. when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

    D. when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

    E. when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i), and

    F. when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. § 1681i(a)(2)(A).

59.    Trans Union's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

60.    In the alternative, Trans Union's conduct, actions, and omissions were negligent, rendering Trans Union liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

61.    Defendant Equifax violated the federal Fair Credit Reporting Act

A. when it failed to provide any notification of dispute results as required by 15 U.S.C. §§ 1681i(a)(6)(A) and 1681i(a)(6)(B),

B. when it failed, upon request, to disclose information in the consumer's file pursuant to 15 U.S.C. § 1681g(a),

C. when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

D. when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

E. when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

F. when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

G. when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i),

H. when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. § 1681i(a)(2)(A), and

15

I. when it rejected or claimed to have rejected disputes without a reasonable justification.

62.     Equifax's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

63.     Equifax's conduct, actions, and omissions were negligent, rendering Equifax liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64.     The Plaintiff repeats and restates each of the allegations in the paragraphs above as if fully contained herein.

65.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692g by failing to send the Plaintiff a written communication containing the amount of the debt, the name of the creditor, and a statement regarding rights to dispute the debt.

66.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692e(11) by failing to disclose that they were attempting to collect a debt and that any information obtained will be used for that purpose.

67.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

68.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, and legal status of a debt.

16

69.    Defendants Oxygen XL and Fair Collections violated 15 U.S.C. §§ 1692e and 1692e(10) by engaging in a false, deceptive, and misleading means to collect a debt.

70.    Defendants Oxygen XL and Fair Collections violated 15 U.S.C. §§ 1692f and 1692f(1) by using an unconscionable means to collect a debt.  More specifically, the Defendant attempted to collect – through credit reporting and by other means – an amount that was not expressly authorized by an agreement or permitted by law.

71.    Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692c by failing to cease communication after receiving notification that the consumer does not wish to pay the alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered by

1.    awarding her actual damages, statutory damages, costs, and attorneys' fees against Defendants Oxygen XL and Fair Collections pursuant to 15 U.S.C. § 1692k,

2.    awarding her actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o against all Defendants, and

3.    Granting such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated : July 3, 2025                          Respectfully submitted,

By: _____
Hashim Rahman, Esq. (*pro hac vice forthcoming*)

17

Rahman Legal
43 W 43rd Street, Suite 204
New York, NY 10036
hrahman@rahmanlegal.com
Phone: (212) 301-7641

By: _____
Sofia Balile, Esq. (Attorney ID 010932003)
The Law Office of Sofia Balile
155 Water Street
4th Floor, Suite 4-1
Brooklyn, NY 11201
Tel. 646-580-6116
sofia@balilelaw.com

*Attorneys for the Plaintiff*

18

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Madeline Chaparro Rios

**DEFENDANTS**

Oxygen XL, Fair Collections & Outsourcing, Inc., Experian Information Solutions, Inc., Trans Union LLC, and Equifax

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sofia Balile / The Law Office of Sofia Balile
155 Water St., 4th Fl, Ste 4-1, Brooklyn, NY 11201
Telephone: (646) 580-6116

Attorneys *(If Known)*
For Fair Collections & Outsorcing, Inc.: Aaron R. Easley
Sessions, Israel & Shartle, LLC / 3 Cross Creek Drive,
Flemington, NJ 08822 / Telephone: (908) 237-1660

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **SOCIAL SECURITY** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 861 HIA (1395ff) | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. and Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.

Brief description of cause:
Plaintiffs allege violations of the FCRA. and FDCPA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
July 29, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Aaron R. Easley

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.