**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (NEWARK)**

-----------------------------------------------------------------X

Madeline Chaparro Rios,

                Plaintiff,

        v.                      Case No. 2:25-cv-13884-JXN-JBC

Oxygen XL, Fair Collections & Outsourcing, Inc.,
Experian Information Solutions, Inc.,         **AMENDED COMPLAINT**
Trans Union LLC, and Equifax Information
Services LLC,

                Defendants.

-----------------------------------------------------------------X

Plaintiff Madeline Chaparro Rios, by and through the undersigned counsel, states as follows:

1.      The Plaintiff seeks redress for violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.* against Oxygen XL, Fair Collections & Outsourcing, Inc. ("Fair Collections"), Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax"). The Plaintiff also seeks redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Oxygen XL and Fair Collections. This action arises out of the Defendants' credit reporting practices and collection practices.

**PRELIMINARY STATEMENT**

2.      For the past several years, Plaintiff Madeline Chaparro Rios has been the victim of an identity theft scheme that occurred in New Jersey and New York. An individual or group of

1

individuals incurred debts by renting apartments in her name while leaving unpaid balances.  In 2023 or earlier, Defendants Oxygen XL and Fair Collections began making efforts to collect debts from the Plaintiff related to the aforementioned unpaid rental balances.  Despite the fact that the Plaintiff never rented any apartments in New Jersey or New York, Oxygen XL and Fair Collections persisted in their collection efforts by reporting the debts to credit reporting agencies. The said collection agencies and the credit reporting agencies - Experian, Trans Union, Equifax – violated the FCRA by, *inter alia*, failing to conduct a reasonable investigation of the Plaintiff's disputes regarding the accounts associated with the rental debts.   Furthermore, Oxygen XL and Fair Collections failed to comply with the FDCPA during their efforts to collect an invalid debt from the Plaintiff.

## JURISDICTION AND VENUE

3.      Defendant Fair Collections has asserted jurisdiction of the present forum by removing this case from state court. (*See* Def.'s Notice of Removal, July 29, 2025, ECF Doc. # 1.)  Fair Collections contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the Plaintiff's claims raise federal questions.  (*Id.*  at 2.)

4.      The Plaintiff contends that the District of New Jersey (Newark) is the proper venue as the parties reside in this district; the Defendants do business in this district; and a substantial part of the events and omissions giving rise to the claims occurred in this district. *See* 28 U.S.C. § 1391(b)-(c).

## THE PARTIES

5.      The Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint ("Complaint") as though fully stated herein.

2

6.      The Plaintiff is an adult individual who resides in the State of Texas.  The Plaintiff is a "consumer" pursuant to the FDCPA and the FCRA.  *See* 15 U.S.C. §§ 1681a, 1692a(3).  As noted, a substantial portion of the identity theft and occurrences giving rise to this action occurred in New Jersey.

7.      Defendant Oxygen XL is a collection agency with a principal office located at 1620 Route 22, Suite 205-D, Union, NJ, 07083.  Oxygen XL is a furnisher of credit reporting information.  *See* 15 U.S.C. § 1681s-2.  Oxygen XL is also a debt collector under the FDCPA.  *See* 15 U.S.C. § 1692a(6).  Upon information and belief, Oxygen XL is doing business in all counties in New Jersey.

8.      Defendant Fair Collections is a foreign corporation that is based in Maryland.  Its principal executive office is located at 12304 Baltimore Avenue, Ste. E, Beltsville, MD, 20705.  Fair Collections is a furnisher of credit reporting information.  *See* 15 U.S.C. § 1681s-2.  Fair Collections is also a debt collector under the FDCPA.  *See* 15 U.S.C. § 1692a(6).  Upon information and belief, Fair Collections is doing business in all counties in New Jersey.

9.      Defendant Experian is a foreign business corporation located at 475 Anton Boulevard, Costa Mesa, CA, 92626.  Experian is a consumer reporting agency and a distributor of consumer reports.  *See* 15 U.S.C. §§ 1681a(f) and 1681a(d)(1).  Upon information and belief, Experian is doing business in all counties in New Jersey.

10.      Defendant Trans Union is a foreign limited liability company located at 555 W. Adams Street, Chicago, IL, 60661.  It is a consumer reporting agency and a distributor of consumer reports.  *Id.*   Upon information and belief, Trans Union is doing business in all counties in New Jersey.

3

11.     Defendant Equifax is a foreign limited liability company located at 1550 Peachtree Street, N.W., Atlanta, GA, 30309. Equifax is a consumer reporting agency and a distributor of consumer reports.  *Id.*  Upon information and belief, Equifax is doing business in all counties in New Jersey.

12.     For the last five or more years, Experian, Trans Union, and Equifax have been generating and distributing consumer credit reports with respect to the Plaintiff.

## FACTUAL ALLEGATIONS

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     The Plaintiff has been the victim of an identity theft scheme that occurred in New Jersey and New York.  An individual or group of individuals incurred debts by renting apartments in her name while leaving unpaid balances. This scheme has been ongoing for several years, and it has significantly impacted the Plaintiff's life.   Plaintiff has never resided in or rented any apartments in New Jersey or New York.

### i. Actions and Omissions by Oxygen XL

15.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     From about 2023, Defendant Oxygen XL began engaging in collection efforts against the Plaintiff by attempting to collect a debt in the amount of $28,933.  This debt pertained to an unpaid rental balance, and it was the result of an identity theft scheme that occurred in New Jersey and New York.

17.     Oxygen XL engaged in collection by contacting the Plaintiff – directly or indirectly – and using tactics intended to pressure her to pay the $28,933 amount.  Upon

4

information and belief, Oxygen XL knew or had ample reason to know that the Plaintiff did not owe the said amount yet it persisted in its collection efforts.

18.   Furthermore, Oxygen XL engaged in collection activity against the Plaintiff even though it does not hold a debt collector license or any other requisite license upon information and belief.

19.   Upon information and belief, the Plaintiff informed Oxygen XL that she did not owe the amount because she never rented any apartments in the area.  Nonetheless, Oxygen XL did not address the Plaintiff's disputes in a timely or meaningful way.  Furthermore, Oxygen XL did not apprise the Plaintiff of her right to dispute the debt; it did not provide her with a reasonable opportunity to review records; and it continued its collection efforts until 2024.

20.   As part of its pressure tactics, Oxygen XL informed credit reporting agencies that the Plaintiff owed a debt of $28,933.  This was false and incorrect as the Plaintiff never rented the property that resulted in the said debt.  Upon information and belief, Oxygen XL reported the debt to credit reporting agencies before notifying the Plaintiff in writing that it was collecting on the account.  Furthermore, this credit reporting was published to third parties.

21.   The Plaintiff contacted credit reporting agencies to dispute the incorrect reporting; and her disputes were conveyed to Oxygen XL.  Nonetheless, Oxygen XL informed credit reporting agencies that it investigated and verified that the credit reporting was accurate.

22.   The Plaintiff disputed the account through the credit reporting agencies several times.  Each time, Oxygen XL was notified of the dispute.  Upon information and belief, Oxygen XL did not conduct a timely investigation; it did not conduct a reasonable investigation; it continued to report negative information while it had actual knowledge of the errors; it did not

properly report investigation results to consumer reporting agencies; and it did not modify or adjust reporting information pursuant to a proper investigation. *See* 15 U.S.C. § 1681s-2.

23.     In 2024, the Oxygen XL account was removed from credit reports for two agencies.   This result, however, occurred after many calls, written disputes, and hours of the Plaintiff's time.  Furthermore, the Oxygen XL account was removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged.  Oxygen XL caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### ii. Actions and Omission by Fair Collections

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     From about 2022, Defendant Fair Collections began engaging in collection efforts against the Plaintiff by attempting to collect a debt in the amount of $7,651 associated with a property in Fort Lee.  This debt pertained to an unpaid rental balance, and it was the result of an identity theft scheme that occurred in New Jersey and New York.

26.     Fair Collections engaged in collection by contacting the Plaintiff – directly or indirectly – and using tactics intended to pressure her to pay the said amount.  Upon information and belief, Fair Collections knew or had ample reason to know that the Plaintiff did not owe the said amount yet it persisted in its collection efforts.

27.     Upon information and belief, the Plaintiff informed Fair Collections that she did not owe the amount because she never rented any apartments in the area.  Nonetheless, Fair Collections did not address the Plaintiff's disputes in a timely or meaningful way.  Furthermore,

Fair Collections did not apprise the Plaintiff of her right to dispute the debt; it did not provide her with a reasonable opportunity to review records; and it continued its collection efforts until 2024.

28.     Furthermore, Defendant Fair Collections repeatedly informed credit reporting agencies that the Plaintiff owed the above-stated debt.  This was false and incorrect as the Plaintiff never rented the property in Fort Lee.  Upon information and belief, Fair Collections reported the debt to credit reporting agencies before notifying the Plaintiff in writing that it was collecting on the account.  Furthermore, this credit reporting was published to third parties.

29.     Fair Collections reported the debt to credit reporting agencies and described it as an account that was opened in February of 2019, with an "original amount" of $7,651, and which was "past due as of Jun 2024."  The reporting also categorized the debt as an individual responsibility with a "C" code for "Collection" from March of 2019 to July of 2024.

30.     Upon information and belief, the Plaintiff disputed the account through the credit reporting agencies at least three times.  Fair Collections was notified of the Plaintiff's disputes. Nonetheless, Fair Collections did not conduct a reasonable investigation of the account with respect to each dispute.  In fact, Fair Collections addressed credit reporting disputes merely by expanding the stated collection period, by shifting the past-due date, and by confirming the fraudulent account as accurately reported.

31.     In approximately August of 2024, the Fair Collections account was removed from the Plaintiff's credit reports.  However, this occurred after the Plaintiff spent time and effort making one dispute after another pertaining to an account that should have never been reported and collected on in the first instance.  Furthermore, the Fair Collections account was removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years.  Fair Collections caused

7

the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### iii. Actions and Omission by Experian

32.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Upon information and belief, the Plaintiff contacted Experian multiple times in 2023 and 2024 to dispute the negative reporting by Oxygen XL and Fair Collections.  In her disputes, the Plaintiff explained, in sum and substance, that she was the victim of identity theft and she did not owe the amounts associated with the Oxygen XL and Fair Collections accounts.

34.    For each dispute except the last, Experian responded by stating that the Oxygen XL and Fair Collections accounts were verified as accurate.  Experian merely relayed what it was told by the above-stated collections agencies or it simply assumed the reporting was correct. Upon information and belief, Experian never conducted its own investigation of the accounts.  It merely parroted information provided by Oxygen XL and Fair Collections or it assumed the reporting was correct.

35.    Experian also failed to properly block the reporting of the Oxygen XL and Fair Collections accounts even though the said accounts were identified to be the result of identity theft.  Experian did nothing to safeguard against the appearance of these fraudulent accounts; it did nothing to block these accounts; and it did nothing significant to timely investigate these accounts.

36.     In approximately August of 2024, the Fair Collections account was removed from the Plaintiff's Experian credit report.  In approximately November of 2024, the Oxygen XL account was removed from the Plaintiff's credit reports.  However, this occurred after the Plaintiff

8

spent time and effort making one dispute after another pertaining to accounts that should have never been reported in the first instance.  Furthermore, the accounts were removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years.  Experian caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

### iv.  Actions and Omission by Trans Union

37.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    Upon information and belief, the Plaintiff contacted Trans Union multiple times in 2023 and 2024 to dispute the negative credit reporting by Fair Collections.  In her disputes, the Plaintiff explained, in sum and substance, that she was the victim of identity theft and she did not owe the amounts associated with the Fair Collections account.

39.    For each dispute except the last, Trans Union responded by stating that the Fair Collections account was verified as accurate.  Trans Union merely relayed what it was told by the above-stated collections agencies or simply assumed the reporting was correct.  Upon information and belief, Trans Union never conducted its own investigation of the accounts.  It merely parroted information provided by Fair Collections or it assumed the reporting was correct.

40.    Trans Union also failed to properly block the reporting of the Fair Collections account even though the said account was identified to be the result of identity theft.  Trans Union also did nothing to safeguard against the appearance of this fraudulent account on its credit report.

41.    In approximately 2024, the above-stated account was removed from the Plaintiff's Trans Union credit report.  However, this occurred after the Plaintiff spent time and effort making one dispute after another pertaining to an account that should have never been reported and

collected on in the first instance.  Furthermore, the account was removed after the Plaintiff's credit score decreased, after negative information had been published to third parties, and after creditworthiness had been damaged for several years.  Trans Union caused the Plaintiff significant distress; and it wasted her time and effort on a problem that should have been fixed.

42.     Nonetheless, even after the account was removed, Trans Union continued to report false information regarding the Plaintiff.  For instance, a credit report provided by Trans Union to the Plaintiff in October 2024 contained an incorrect phone number, incorrect addresses, and incorrect employment information.  Upon information and belief, the incorrect information was related to the above-described identity theft scheme.

43.     The Plaintiff submitted a written dispute to Trans Union identifying all the aforementioned inaccuracies.  In response, Trans Union failed to conduct a reasonable investigation of the disputed information and it failed to timely remove all inaccuracies.  Trans Union removed inaccuracies only after the Plaintiff was forced to file subsequent disputes.  The Plaintiff should not have had to do this as her initial dispute was clear, specific, and thorough.

**v. Actions and Omission by Equifax**

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.     The Plaintiff contacted Equifax and disputed information on her credit report pertaining to the Oxygen XL and Fair Collections accounts.  In response, Equifax did not provide the Plaintiff with any dispute results; it did not conduct a reasonable investigation; it did not properly block credit reporting pertaining to identity theft; and it did not provide notice that any type of investigation was completed.

10

46.    In the fall of 2024, the Plaintiff requested her Equifax credit report through Annual Credit Report.  In January of 2025, the Plaintiff requested her credit report directly from Equifax. In both instances, Equifax failed to provide the Plaintiff with her credit report.

47.    As a result, the Plaintiff does not know whether the Oxygen XL and Fair Collections accounts remain on her credit report.  Upon information and belief, the said fraudulent accounts did appear on the Plaintiff's Equifax credit reports until at least 2024. Equifax did nothing to safeguard against the appearance of these fraudulent accounts; it did nothing to block these accounts; and it did nothing to investigate these accounts.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

48.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.    Defendant Oxygen XL violated the Fair Credit Reporting Act

A.  when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A),

B.  when it failed to properly review all relevant information about the dispute pursuant to 15 U.S.C. § 1681s-2(b)(1)(B),

C.  when it, upon information and belief, failed to timely review the dispute and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2),

D.  when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D),

E. when the Defendant failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), and

F. when it failed to complete investigations, reports, and reviews within the time period prescribed by 15 U.S.C. § 1681s-2(b)(2).

50. Defendant Oxygen XL's conduct, actions, and omissions were willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

51. In the alternative, Oxygen XL's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

52. Defendant Fair Collections violated the Fair Credit Reporting Act

A. when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A),

B. when it failed to properly review all relevant information about the dispute pursuant to 15 U.S.C. § 1681s-2(b)(1)(B),

C. when it, upon information and belief, failed to timely review the dispute and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2),

D. when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D),

E. when the Defendant failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), and

F.  when it failed to complete investigations, reports, and reviews within the time period prescribed by 15 U.S.C. § 1681s-2(b)(2).

53.  Defendant Fair Collections's conduct, actions, and omissions were willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

54.  In the alternative, Fair Collections's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

55.  Defendant Experian violated the federal Fair Credit Reporting Act

A.  when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

B.  when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

C.  when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

D.  when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

E.  when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i), and

F.  when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. §1681i(a)(2)(A).

56.    Experian's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

57.    In the alternative, Experian's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

58.    Defendant Trans Union violated the federal Fair Credit Reporting Act

A.  when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

B.  when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

C.  when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

D.  when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

E.  when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i), and

14

F. when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. § 1681i(a)(2)(A).

59.    Trans Union's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

60.    In the alternative, Trans Union's conduct, actions, and omissions were negligent, rendering Trans Union liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

61.    Defendant Equifax violated the federal Fair Credit Reporting Act

A. when it failed to provide any notification of dispute results as required by 15 U.S.C. §§ 1681i(a)(6)(A) and 1681i(a)(6)(B),

B. when it failed, upon request, to disclose information in the consumer's file pursuant to 15 U.S.C. § 1681g(a),

C. when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

D. when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

E. when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

F. when it failed to block the reporting of information that was identified to be the result of identity theft pursuant to 15 U.S.C. § 1681c-2,

15

G. when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i),

H. when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. § 1681i(a)(2)(A), and

I. when it rejected or claimed to have rejected disputes without a reasonable justification.

62.     Equifax's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

63.     Equifax's conduct, actions, and omissions were negligent, rendering Equifax liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692g by failing to send the Plaintiff a written communication containing the amount of the debt, the name of the creditor, and a statement regarding rights to dispute the debt.

66.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692e(11) by failing to disclose that they were attempting to collect a debt and that any information obtained will be used for that purpose.

67.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

68.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, and legal status of a debt.

69.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. §§ 1692e and 1692e(10) by engaging in a false, deceptive, and misleading means to collect a debt.

70.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. §§ 1692f and 1692f(1) by using an unconscionable means to collect a debt.  More specifically, the Defendant attempted to collect – through credit reporting and by other means – an amount that was not expressly authorized by an agreement or permitted by law.

71.     Defendants Oxygen XL and Fair Collections violated 15 U.S.C. § 1692c by failing to cease communication after receiving notification that the consumer does not wish to pay the alleged debt.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered by

1. awarding her actual damages, statutory damages, costs, and attorneys' fees against Defendants Oxygen XL and Fair Collections pursuant to 15 U.S.C. § 1692k,

2. awarding her actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o against all Defendants, and

17

3. Granting such other and further relief that the Court may deem just and

proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated : September 9, 2025                    Respectfully submitted,

By: _____

Hashim Rahman, Esq. (*pro hac vice*)
Rahman Legal
43 W 43rd Street, Suite 204
New York, NY 10036
hrahman@rahmanlegal.com
Phone: (212) 301-7641

By: /s/ Sofia Balile
Sofia Balile, Esq. (Attorney ID 010932003)
The Law Office of Sofia Balile
155 Water Street
4th Floor, Suite 4-1
Brooklyn, NY 11201
Tel. 646-580-6116
sofia@balilelaw.com

*Attorneys for the Plaintiff*

18