IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MADELINE CHAPARRO RIOS, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Case No.  2:25-cv-13884-JXN-JBC |
| | § | |
| OXYGEN XL, FAIR COLLECTIONS | § | |
| & OUTSOURCING, INC.,  EXPERIAN | § | |
| INFORMATION SOLUTIONS, INC., | § | |
| TRANS UNION LLC, and EQUIFAX | § | |
| INFORMATION SERVICES LLC, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT, FAIR COLLECTIONS & OUTSOURCING, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, Fair Collections & Outsourcing, Inc. ("FCO"), through counsel and pursuant to the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses to the Amended Complaint filed by plaintiff, Madeline Chaparro Rios ("plaintiff"), and states:

1. FCO admits plaintiff filed this action against it for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, FCO denies the allegations in ¶ 1.

## PRELIMINARY STATEMENT

2. FCO denies the allegations in ¶ 2 as written.

1

## JURISDICTION AND VENUE

3.      FCO admits this Court has jurisdiction.

4.      FCO admits the allegations in ¶ 4 upon information and belief

## THE PARTIES

5.      FCO reasserts the foregoing as if fully stated herein.

6.      FCO denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein, and as calling for a legal conclusion.

7.      The allegations in ¶ 7 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.      FCO admits only that it maintains an office in Maryland, and denies the balance of the allegations as calling for a legal conclusion.

9.      The allegations in ¶ 9 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.      The allegations in ¶ 10 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11.      The allegations in ¶ 11 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

2

12.     The allegations in ¶ 12 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

## FACTUAL ALLEGATIONS

13.     FCO reasserts the foregoing as if fully stated herein.

14.     FCO denies the allegations in ¶ 14.

### i. Actions and Omissions by Oxygen XL

15.     FCO reasserts the foregoing as if fully stated herein.

16.     The allegations in ¶ 16 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     The allegations in ¶ 17 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     The allegations in ¶ 18 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     The allegations in ¶ 19 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20.     The allegations in ¶ 20 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21.     The allegations in ¶ 21 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22.     The allegations in ¶ 22 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.     The allegations in ¶ 23 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

### ii. Actions and Omissions by Fair Collections

24.     FCO reasserts the foregoing as if fully stated herein.

25.     FCO admits only that it was retained to collect an outstanding account relative to plaintiff. Except as specifically admitted, the allegations are denied.

26.     FCO admits only that it was retained to collect an outstanding account relative to plaintiff. Except as specifically admitted, the allegations are denied.

27.     FCO admits only that any communication with plaintiff speaks for itself and is the best evidence of its content. Except as specifically admitted, the allegations are denied.

28.     FCO denies the allegations in ¶ 28.

29. FCO denies the allegations as written and leaves plaintiff to her proofs.

30. FCO denies the conduct attributed to it and thus denies the allegations in ¶ 30.

31. FCO denies the conduct attributed to it and thus denies the allegations in ¶ 31.

### iii. Actions and Omissions by Experian

32. FCO reasserts the foregoing as if fully stated herein.

33. The allegations in ¶ 33 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. The allegations in ¶ 34 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. The allegations in ¶ 35 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. The allegations in ¶ 36 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

### iv. Actions and Omissions by Trans Union

37. FCO reasserts the foregoing as if fully stated herein.

38.    The allegations in ¶ 38 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39.    The allegations in ¶ 39 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40.    The allegations in ¶ 40 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41.    The allegations in ¶ 41 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42.    The allegations in ¶ 41 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

43.    The allegations in ¶ 43 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 43 for lack of knowledge or information sufficient to form a belief therein.

### v. Actions and Omissions by Equifax

44.    FCO reasserts the foregoing as if fully stated herein.

45.     The allegations in ¶ 45 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46.     The allegations in ¶ 46 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47.     The allegations in ¶ 47 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

48.     FCO reasserts the foregoing as if fully stated herein.

49.     The allegations in ¶ 49 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.

50.     The allegations in ¶ 50 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.

51.     The allegations in ¶ 51 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.

52.     FCO denies the allegations in ¶ 52, including subparagraphs A-F.

7

53.    FCO denies the allegations in ¶ 53.

54.    FCO denies the allegations in ¶ 54.

55.    The allegations in ¶ 55 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.

56.    The allegations in ¶ 56 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

57.    The allegations in ¶ 57 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.

58.    The allegations in ¶ 58 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 58 for lack of knowledge or information sufficient to form a belief therein.

59.    The allegations in ¶ 59 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 59 for lack of knowledge or information sufficient to form a belief therein.

60.    The allegations in ¶ 56 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.

61. The allegations in ¶ 61 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 61 for lack of knowledge or information sufficient to form a belief therein.

62. The allegations in ¶ 62 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 62 for lack of knowledge or information sufficient to form a belief therein.

63. The allegations in ¶ 63 are not directed towards FCO. To the extent a response is required, FCO denies the allegations in ¶ 63 for lack of knowledge or information sufficient to form a belief therein.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

64. FCO reasserts the foregoing as if fully stated herein.

65. FCO denies the allegations in ¶ 65.

66. FCO denies the allegations in ¶ 66.

67. FCO denies the allegations in ¶ 67.

68. FCO denies the allegations in ¶ 68.

69. FCO denies the allegations in ¶ 69.

70. FCO denies the allegations in ¶ 70.

71. FCO denies the allegations in ¶ 71.

## FCO'S AFFIRMATIVE DEFENSES

1.      To the extent that any violations are established, any such violations were not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.      FCO denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of FCO's purported violations.

3.      Assuming that Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

4.      Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than FCO and were beyond the control or supervision of FCO or for whom FCO was and is not responsible or liable.

5.      Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than FCO and were beyond the control or supervision of FCO or for whom FCO was and is not responsible or liable.

6.      Part or all of Plaintiff's claims are barred by 15 U.S.C. § 1681h(e).

7.      Part or all of Plaintiff's claims are barred because the fault of the Plaintiff is equal to or greater than the alleged fault of FCO.

8.      Part or all of Plaintiff's claims are barred by Plaintiff's contributory negligence in failing to submit complete and accurate information to the CRAs regarding her alleged dispute.

9.      Part or all of Plaintiff's claims are barred in accordance with 15 U.S.C. § 1681m(c) by FCO's reasonable procedures to ensure compliance with the FCRA.

10.     FCO reasonably relied on the information and documentation provided to it by its client at the time of the credit reporting at issue, as to the validity and amount of the debt it reported.

11.     Part or all of Plaintiff's claims are barred due to Plaintiff's failure to comply with the provisions of 15 U.S.C. § 1681s-2(a)(8)(D) in the alleged dispute at issue.

12.     Plaintiff has failed to state a claim against FCO upon which relief may be granted.

WHEREFORE, Defendant, Fair Collections & Outsourcing, Inc., respectfully requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully Submitted,

/s/ *Aaron R. Easley*
Aaron R. Easley, Esq. (#026151994)
SESSIONS, ISRAEL & SHARTLE, LLC
3 Cross Creek Drive
Flemington, New Jersey 08822
Telephone: (908) 237-1660
Facsimile: (877) 344-0661
Email: aeasley@sessions.legal

*Attorney for Defendant,*
*Fair Collections & Outsourcing, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of New Jersey and served on all parties and counsel of record via CM/ECF.

/s/ *Aaron R. Easley*
Aaron R. Easley

12